UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENNY INKWON LEE,<br><br>    Petitioner,<br><br>v.<br><br>RICH SUBIA, Warden,<br><br>    Respondent. | No. CV 07-3512-DSF (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the First Amended Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation filed October 23, 2008, the Response to Reply to Opposition to Motion to Dismiss First Amended Petition filed November 24, 2008, and all records in the file.  Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

The Objections complain that the Magistrate Judge failed to afford Petitioner an opportunity to file a reply to Respondent's reply brief in support of the motion to dismiss the petition for writ of habeas corpus.  (Objections at 2.)  The procedural history is set forth in the Magistrate Judge's Order dated October 27, 2008.  (Dkt. No. 34.)  Respondent's reply brief was filed on September 18, 2008.  (Dkt. No. 26.)  Local Rule 7-10 provides that "[a]bsent prior written order of the Court, the opposing party

1  shall not file a response to the reply." On October 6, 2008, the Magistrate Judge
2  issued a Report and Recommendation. On October 14, 2008, the Court received
3  Petitioner's request for enlargement of time. The request did not identify the specific
4  document that Petitioner intended to file and did not request permission to file a
5  response to Respondent's reply brief. (Dkt. No. 30.) Because the only deadline
6  Petitioner faced at the time was the October 29, 2008 date for filing objections to the
7  Report and Recommendation, the Magistrate Judge explained that she assumed the
8  request for enlargement of time pertained to Petitioner's filing of objections. (Dkt. No.
9  34.) On October 27, 2008, Petitioner clarified that his request for enlargement of time
10 was directed to filing a response to Respondent's reply brief. (Dkt. No. 33.) The
11 Magistrate Judge granted Petitioner's request and permitted Petitioner to file a
12 response to the reply brief on or before November 24, 2008. (Dkt. No. 34.)
13 Petitioner did so on November 24, 2008. (Dkt. No. 35.) Therefore, Petitioner's
14 Objection is moot and the Magistrate Judge did not err.

15 　　　　Petitioner further argues that the statute of limitations does not bar his First
16 Amended Petition because he is actually innocent. Petitioner contends that the
17 evidence, both old and new, establish that "Petitioner was not personally armed, and
18 did not fire a gun at the security guard." (Objections at 7.) At trial, the security guard
19 (Nolasco) testified as follows on July 26, 1994:

20 　　Q:　　Did you think in your mind that this defendant had a gun when he
21 　　　　　 pointed?
22 　　A:　　I think so, because I saw something black, something metallic.
23 　　Q:　　Did you think it was a gun?
24 　　A:　　Well, yes. If he's coming to rob, he's armed.
25 　　Q:　　All right. Did he point at you?
26 　　A:　　Yes, at me, there was no one else.
27 　　Q:　　There were no other people out in the parking lot?
28 　　A:　　No.

1 | Q: | How far away were you from this defendant when he pointed at you?
2 | A: | Well, from where the car is, the edge, about 20 feet.
3 | Q: | All right. When this defendant pointed at you with something black and
4 |    | metal in his hand, did he extend both arms and point right at your
5 |    | direction?
6 | A: | Well, I saw this, but I was concentrating, paying more attention on the
7 |    | other, the driver.
8 | Q: | When you say when you saw this, what do you mean? Do you mean
9 |    | this defendant pointing?
10 | A: | Yes.
11 | Q: | Did this defendant point at you at the same time that the driver did?
12 | A: | Yes.
13 | Q: | And after you went down and got your gun and came back up, you said
14 |    | that the driver shot at you; is that right?
15 | A: | Yes.
16 | Q: | How many shots did the driver fire?
17 | A: | Only one.
18 | Q: | What did this defendant do when the driver fired?
19 | A: | When I shot the driver, he went back in like this, and I think he was – he
20 |    | stepped on the accelerator or something because the car was making a
21 |    | funny noise.
22 | Q: | Mr. Nolasco, what I'm asking you is –
23 | A: | Yes, okay.
24 | Q: | – after this defendant pointed at you, what did he do?
25 | A: | Well, they got back in the car, and after this man, the one that's sitting
26 |    | here shot at me, they got in the car.
27 | Q: | Did this defendant shoot at you?
28 | A: | Yes.

3

1  Q: Before you fired your gun?
2  A: No. After. After the other one was already dead.
3  (RT 452-53.)

Petitioner now submits the statement of an accomplice, Woo, made on June 4, 1993. (Exh. 2 at 1 to First Amended Petition ("FAP").) Woo stated that Petitioner brought two guns, gave the .38 to Woo and kept the nine millimeter. (*Id.* at 18-20, 59.) Woo's statement, alone or in combination with the trial testimony, does not help Petitioner establish that Petitioner did not have a gun and did not point a gun at Nolasco.

In addition, after the security guard shot his gun, Woo stated that he did not know who shot back at the security guard. (*Id.* at 65.) Woo stated that he did not return fire. (*Id.* at 53, 64.) Woo did not know whether Petitioner shot back at the security guard. (*Id.* at 53-54.) Woo did not know whether Choi, the other accomplice, had a gun. (*Id.* at 58.) Again, Woo's statement, alone or in combination with the trial testimony, does not help Petitioner establish that Petitioner did not have a gun, did not point a gun at Nolsco, or did not shoot back at the security guard.

Petitioner has not met the requirements of actual innocence. *House v. Bell*, 547 U.S. 518, 536-38, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006). Petitioner has not established that, in light of all the evidence, both old and new, that "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 536-37 (citation omitted). The Petition is barred by the one-year statute of limitations.

IT IS ORDERED that the Report and Recommendation is adopted.

///
///
///
///
///

4

1    IT IS FURTHER ORDERED that Respondent's motion to dismiss the First
2 Amended Petition is GRANTED, and that Judgment be entered denying the Petition
3 and dismissing this action with prejudice.

5 DATED: 12/12/08

    *Dale S. Fischer*
    _____
    DALE S. FISCHER
    UNITED STATES DISTRICT JUDGE